**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOR NDIAYE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondents. | : | Civil No. 1:26-CV-02540<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Mor Ndiaye ("Ndiaye"). (Doc. 1.) Ndiaye argues that he is being wrongfully detained in violation of 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will deny Ndiaye's petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ndiaye is a native and citizen of Senegal. (Doc. 8-3, p. 2.)[1] On March 13, 2023, Ndiaye arrived in the United States near San Ysidro, California without being admitted or paroled. (*Id.*) A notice to appear was issued charging Ndiaye as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), and released Ndiaye on his own recognizance. (*Id.*; Doc. 8-4.) On October 25, 2024, an immigration judge denied Ndiaye's applications for relief and ordered

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

that he be removed to Senegal. (Doc. 8-5.) Ndiaye did not appeal that decision. (Doc. 8-2, p. 3.)

On July 31, 2026, Ndaiye was stopped for a traffic violation and subsequently arrested based on his removal order. (*Id.*; Doc. 8-3, p. 3.) On August 9, 2026, Ndiaye was transferred to Pike County Correctional Facility, where he is currently detained. (Doc. 8-2, p. 3.) A request for travel documents was submitted to the Senegalese consulate on August 31, 2026. (*Id.*) On October 19, 2026, the Senegalese consulate informed immigration officials that Ndiaye's travel document request was approved and that the travel document would be sent by mail to immigration officials. (Doc. 11-1, p. 3.)

On September 4, 2026, Ndiaye filed a petition for writ of habeas corpus requesting release from detention against the Warden of Pike County Correctional Facility ("Respondent"). (Doc. 1.) Respondents filed a response on September 22 2026, and Ndiaye filed a traverse on October 5, 2026. (Docs. 8, 9.) In response to the court's order requesting a status update on Ndiaye's reasonable likelihood of removal, Respondents filed a status report on October 22, 2026. (Doc. 11.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the

Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Ndiaye is detained at Pike County Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Ndiaye generally argues that his detention without a bond hearing violates the Constitution. (Docs. 1, 9.) Ndiaye requests his immediate release from custody or a detention hearing. (Doc. 1, p. 8.)

In opposition, Respondent argues that Ndiaye is lawfully detained under Section 1231(a). (Doc. 8, pp. 4–6.) Respondent submits that Ndiaye has only been in custody since July 31, 2026, and Ndiaye cannot demonstrate that he will not be removed within the reasonably foreseeable future. (*Id.*) Additionally, Respondent submits that travel documents are now in route to immigration officials to effectuate removal of Ndiaye. (Doc. 11, pp. 1–2.)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, Ndiaye has a final order of removal and the presumptively reasonable six-month period began on July 31, 2026. Thus, Ndiaye has been detained for approximately three months. Three months is well within the presumptively constitutional period. Additionally, Ndiaye fails to provide good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future, especially given that travel documents are approved for his removal. Accordingly, the court will deny Ndiaye's petition.

## CONCLUSION

For these reasons, the court will deny Ndiaye's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 27, 2026